IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARAH HYATT,

    Plaintiff,                      CASE NO. 2:08-cv-1067 JAM JFM

    vs.

WAFFLE BARN, INC.,                ORDER

    Defendant.
_____/

Presently calendared for hearing on April 23, 2009, is plaintiff's motion for default judgment filed March 18, 2009. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor,

THE COURT MAKES THE FOLLOWING FINDINGS:

Plaintiff moves for entry of default judgment Under Fed. R. Civ. P. 55.

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). This language means the defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. <u>New York Life Ins. Co. v. Brown</u>, 84 F3d 137, 141 (5th Cir. 1996). Default judgments are generally disfavored as "cases

1

should be decided upon their merits whenever reasonably possible." In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.1986) (citation omitted).[1]

Defendant Waffle Barn, Inc., filed an answer through counsel on June 12, 2008. Subsequently, counsel was allowed to withdraw from the case. (November 17, 2008 Order.) The district court did not, however, strike defendant's answer[2] or warn defendant that a corporation may only proceed through counsel. (Id.) Thus, this is not a typical default judgment case, and the only basis for entering default judgment against defendant is if defendant has "failed to defend." Fed. R. Civ. P. 55(a).

Plaintiff concedes that defendant filed an answer and cooperated in discovery:

> Defendant, represented by attorney Catherine Corfee, answered Plaintiff's complaint on June 12, 2008. In July of 2008, Defendant and Plaintiff exchanged Rule 26 Initial Disclosures. Defendant took Plaintiff's deposition on August 15, 2008. Plaintiff noticed Defendant's depositions for October 7 and 15, 2008. On October 6, 2008, Ms. Corfee notified Plaintiff's counsel that she was withdrawing as counsel for Defendant. On October 17, 2008, Ms. Corfee filed a Notice of Motion and Motion to Withdraw as Attorney of Record. Ms. Corfee's motion was granted on

---

[1] Entry of default judgment is not mandatory upon plaintiff's request, and the court has discretion to require some proof of the facts that must be established in order to determine liability. 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2688 at 59-61; Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir.1992) (court has power to require additional proof of any fact alleged as the basis for liability, notwithstanding admissions upon default).

[2] Where a defendant has filed an answer denying the allegations of the complaint, a court may not be inclined to accept plaintiff's allegations as true and may require proof to substantiate plaintiff's claims. Fed. R. Civ. P. 55(b)(2).

November 17, 2008. Defendant has continued to be unrepresented through the filing of this motion.

(Pl.'s P's & A's at 2 (Docket No. 19-2).) Defendant has not retained counsel since.

Pursuant to 28 U.S.C. § 1654, it is impermissible for corporate parties to proceed pro se. While 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally," this section does not apply to corporations, partnerships, or associations. Id. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (citing, *inter alia*, Osborn v. President of Bank of United States, 22 U.S. 738 (1824)). See also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Church of the New Testament v. United States, 783 F.2d 771, 772 (9th Cir. 1987). Where a corporation fails to retain counsel to represent it in an action or fails to otherwise comply with the court's orders, its complaint or answer may be stricken and a default judgment entered against it. See Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993 (9th Cir.2007).

In addition, the Court of Appeals for the Ninth Circuit has stated that:

> Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices. *See* Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); Link v. Wabash R.R., 370 U.S. 626, 632, 82 S.Ct. 1386, 632, 8 L.Ed.2d 734 (1962); United States v. Moss-American, Inc., 78 F.R.D. 214, 216 (E.D.Wis.1978).
>
> There are limits, however, on the power of courts to impose sanctions. The need for the orderly administration of justice does not permit violations of due process. *See* Phoceene Sous Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 805-06 (9th Cir.1982) (recognizing that willful deceit and conduct utterly inconsistent with the orderly administration of justice would merit the imposition of severe sanctions, but finding that because defendant's deceit-falsely stating that he was too ill to attend trial-was unrelated to the merits of the controversy the sanction was inconsistent with due process); Securities and Exchange Commission v. Seaboard Corp., 666 F.2d 414, 416-17 (9th

> Cir.1982) (finding that a default judgment against the defendant for failure to pay a fine when the defendant had complied with an order to give a deposition was punitive and a violation of due process as the court could not presume that the case lacked merit); *see also* Hammond Packing Co. v. Arkansas, 212 U.S. 322, 349-54, 29 S.Ct. 370, 379-81, 53 L.Ed. 530 (1909) (upholding a default judgment for the defendant's failure to comply with an order to produce documents because the court could presume, from the failure to produce evidence relating directly to the merits of the matter, that the case was lacking in merit); Hovey v. Elliott, 167 U.S. 409, 413-14, 17 S.Ct. 841, 843, 42 L.Ed. 215 (1897) (finding that courts may not strike an answer and enter a default merely to punish a contempt of court unrelated to merits of case).

TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916-17 (9th Cir. 1987)(Ninth Circuit upheld the district court's imposition of a default judgment following defendant's confession to having perjured himself in depositions and engaging in an elaborate scheme to avoid liability.)

In the instant case, there is no indication that defendant was put on notice that as a corporation, defendant may only appear in district court through counsel. In light of this record, this court cannot recommend striking the answer and entering default as a sanction based on defendant's failure to retain new counsel or for failure to prosecute. Defendant has provided no authority for seeking default where the defendant has formally filed an answer, particularly in the absence of such notice. Accordingly, the Clerk of the Court will be directed to vacate the January 23, 2009 clerk's entry of default, and plaintiff's motion for default judgment will be denied without prejudice.

However, because defendant corporation has been without counsel since November 17, 2008, and defendant may only appear in this action through counsel, defendant will be directed to retain counsel forthwith and to have said counsel file a notice of appearance in this action within sixty days of this order. Defendant is cautioned that failure to retain counsel or failure to have counsel appear in this action may result in an order striking the answer. Under Fed. R. Civ. P. 41(b), a district court may dismiss an action or strike an answer and enter default judgment, based upon a party's failure to prosecute, failure to obey a court order, or the failure to comply with rules and procedures.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 23, 2009 hearing is vacated.

2. The Clerk of the Court is directed to vacate the January 23, 2009 clerk's entry of default.

3. Plaintiff's March 18, 2009 motion for default judgment is denied without prejudice.

4. Defendant shall retain legal counsel forthwith and shall have counsel appear in this action within sixty days from the date of this order. Defendant is cautioned that failure to retain counsel or to have counsel appear in this action within sixty days may result in an order striking defendant's answer and allowing plaintiff to seek default judgment against defendant.

DATED: April 16, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; hyatt.def